IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARY ANTHONY RAY, ID # 408592, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:06-CV-0723-P (BH) |
| ) | ECF |
| NATHANIEL QUARTERMAN,[1] Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Petitioner is currently incarcerated in the Texas prison system. On April 20, 2006, the Court received a three-page document in which petitioner appears to complain about the calculation of his sentence credits. The Court thus construed the action as arising under 28 U.S.C. § 2254 and inserted Douglas Dretke as respondent. On May 24, 2006, the Court issued a Notice of Deficiency and Order. It therein notified petitioner that he had not paid the requisite filing fee nor submitted a request to proceed *in forma pauperis*. It further notified petitioner that he had not submitted his petition on the appropriate form. It granted him twenty days to cure the deficiencies and warned him that the failure to do so would result in a recommendation that his petition be dismissed for

---

[1] On June 1, 2006, Nathaniel Quarterman became the Director of the Texas Department of Criminal Justice - Correctional Institutions Division. The Court thus substitutes him for Douglas Dretke. *See* Fed. R. Civ. P. 25(d)(1).

failure to prosecute. To date, petitioner has filed nothing further in this case. Nor has he paid the requisite filing fee.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Petitioner has failed to comply with the Order of May 24, 2006, that he file this action on the appropriate standard form and pay the filing fee or submit a request to proceed *in forma pauperis* within twenty days. Accordingly, the Court should dismiss this action without prejudice for petitioner's failure to prosecute the action.

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the Court dismiss the instant action without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

**SIGNED this 20th day of November, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

     The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


                                                    IRMA CARRILLO RAMIREZ
                                                    UNITED STATES MAGISTRATE JUDGE